UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TELLEZ,<br>CDCR #BF-5313,<br><br>                          Plaintiff,<br><br>    vs.<br><br>CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION; SCOTT KERNEN; DANIEL PARAMO; KATHLEEN ALLISON; KATHERINE TEBROCK.<br>                         Defendants. | Case No.: 3:19-cv-1072-LAB-WVG<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**2) DENYING MOTION TO APPOINT COUNSEL [ECF No. 3]**<br><br>**AND**<br><br>**3) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

Plaintiff, Jose Tellez, an inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). In addition, Plaintiff has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), along with a Motion to Appoint Counsel (ECF Nos. 2, 3).

## I. Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (U.S. 2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Plaintiff has submitted a certified copy of his inmate trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. His trust account statement indicates he has insufficient funds from which to pay a partial initial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court grants Plaintiff leave to proceed IFP and directs the Acting Secretary for the California Department of Corrections and Rehabilitation ("CDCR") to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II. Motion for Appointment of Counsel

Plaintiff also requests that the Court appoint him counsel in this matter. (*See* ECF No. 3.) All documents filed pro se are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)). But there is no constitutional right to counsel in a civil case; and none of Plaintiff's pleadings to date demand that the Court exercise its limited discretion to request than an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the case. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Only "exceptional circumstances" support such a discretionary appointment. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances exist

where there is cumulative showing of both a likelihood of success on the merits and a demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity. *Id.*

As currently pleaded, Plaintiff's Complaint demonstrates that while he may not be formally trained in law, he nevertheless may be capable of articulating the facts and circumstances relevant to his claims, which are typical and not legally "complex." *Agyeman*, 390 F.3d at 1103. Moreover, for the reasons discussed below, Plaintiff has yet to show he is likely to succeed on the merits of his claims. Therefore, the Court DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 3).

### III. Legal Standards for Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm,* 680 F.3d at 1121.

### A. Plaintiff's allegations

Plaintiff was initially housed at RJD, "following a criminal conviction," on February 22, 2018. (Compl. at 9.) At that time, Plaintiff was "classified as in need of protective custody or as a sensitive needs yard ("SNY")" inmate. (*Id.*) Plaintiff was also designated an "enhanced out patient ("EOP") with a qualified mental health disability." (*Id.*)

On April 14, 2017, the CDCR, "under the direction of Department Secretary Scott Kernan, issued a policy directive called 'Expanding the Transition away from Designated General Population and SNY EOP." (*Id.*) Plaintiff claims that the CDCR has been "historically known" to hold "notorious prison gang populations in the general population ("GP") and these inmates were a threat to Plaintiff being SNY designated." (*Id.*)

On November 30, 2017, Kathleen Allison, "acting as Director of CDCR's Division of Adult Institutions," along with Katherine Tebrock, "Deputy Director of CDCR's statewide Mental Health Program, issued a memorandum setting into action a policy to refuse SNY to EOP inmates." (*Id.* at 10.) In "response to the policy directive," Plaintiff claims that Daniel Paramo, RJD's Warden, "began to refuse EOP inmates SNY custody." (*Id.*)

Plaintiff had previously been housed at Wasco State Prison and when he was transferred to RJD, he claims he was "clearly separated in the bus from inmates designated" general population. (*Id.*) When Plaintiff arrived at RJD he was housed in a general population yard "occupied by numerous prison gangs." (*Id.* at 11.) The other inmates on the bus that transferred with Plaintiff were housed with him and "were aware" that Plaintiff was designated as an "SNY inmate." (*Id.*)

On August 16, 2018, Plaintiff was "instructed by a correctional officer" to "report to receiving and release ("R&R") to collect his property." (*Id.*) At the time he was told to report, other inmates "were freely engaged in yard recreation." (*Id.*) While Plaintiff

was walking to the R&R, an "Hispanic inmate with long black hair attempted to murder Plaintiff for his SNY status by sneaking behind him and painfully and shockingly slashing his throat." (*Id.*) Correctional officers "sounded a [siren] by calling an emergency code and intervened." (*Id.*) They also "summoned medical treatment to tend to Plaintiff's injury and he was eventually given numerous stitches to mend his slashed throat." (*Id.* at 12.)

Plaintiff alleges the "culprit was apprehended, placed in administrative segregation and eventually referred to the San Diego District Attorney's Office for allegations of attempted murder." (*Id.*) Plaintiff was "hospitalized in acute suicide prevention." (*Id.* at 13.) Plaintiff was later "released to RJD Facility E." (*Id.*) Plaintiff alleges Facility E frequently housed inmates who "refused to house with inmates who are SNY or PC." (*Id.*)

In February of 2019, the inmate who had "attempted to murder Plaintiff, despite having been apprehended, approached Plaintiff on the Facility E yard." (*Id.*) Plaintiff alleges this inmate "confrontationally told Plaintiff that he slit his throat." (*Id.*) This inmate further told Plaintiff that he had "paper work" which Plaintiff claims is a "prison gang tactic that is commonly used to validate a 'snitch.'" (*Id.*) Plaintiff "managed to exit the conversation." (*Id.*)

Plaintiff "again encountered the inmate" who asked Plaintiff "if he could influence his pending litigation by refuting he was a victim" and "offered to compensate Plaintiff with meth." (*Id.*) Ultimately, Plaintiff "believes the case was rejected by the San Diego District Attorney." (*Id.*)

**B.     42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person

acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

### C. Individual liability

Plaintiff argues that Defendants Kernan, Paramo, Allison and Tebrock "implemented a deficient policy, with deliberate indifference or reckless disregard of Plaintiff's safety" in violation of his Eighth Amendment rights. (Compl. at 15.) However, Plaintiff fails to state a plausible claim for relief under § 1983 because he fails to include "further factual enhancement" which describes how or when Defendants were actually aware of a serious risk of harm to Plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim).

As currently pleaded, Plaintiff's Complaint offers no factual detail from which the Court might reasonably infer a plausible claim for relief based on a violation of any constitutional right on the part of Kernan, Paramo, Allison or Tebrock. Instead, Plaintiff simply identifies these Defendants as violating his constitutional rights "by exercising power possessed by virtue of state law and was possible only because [these] wrongdoer[s] [were] clothed with authority of state law." (Compl. at 2.) But Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 662 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570). And a

supervisory official may only be held liable under § 1983 if Plaintiff alleges his "personal involvement in the constitutional deprivation, or … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018); *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011).

Plaintiff makes no such allegations in his Complaint. Therefore, the Court sua sponte dismisses Defendants Kernan, Paramo, Allison and Tebrock based on Plaintiff's failure to state a plausible individual liability claim against any of them. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### D. Eighth Amendment claims

Plaintiff does raise serious allegations in which he claims he was physically assaulted while housed at RJD. (*See* Compl. at 11.) Specifically, he alleges that while he was walking in the yard, an "Hispanic inmate" attempted to "murder Plaintiff for his SNY status by sneaking behind him and painfully and shockingly slashing his throat." (*Id.*) Plaintiff also alleges, despite the grave nature of the attack, he was housed with this inmate at a later date. (*See id.* at 13.)

Specifically, while the Eighth Amendment requires officials take reasonable measures to guarantee the safety and well-being of prisoners, *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), to state an Eighth Amendment failure to protect claim Plaintiff must allege facts sufficient to plausibly show that (1) he faced conditions posing a "substantial risk of serious harm" to his health or safety, and (2) the individual prison official he seeks to hold liable was "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 837; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). To demonstrate deliberate indifference, Plaintiff must allege facts sufficiently to plausibly show that each defendant both knew of and disregarded a substantial risk of serious harm to his health and safety. *Farmer*, 511 U.S. at 837. Thus, Plaintiff must allege that each person he seeks to sue was "both … aware of

facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that] he ... also dr[e]w that inference." *Id.*

Here, Plaintiff does not identify any individual RJD prison officials who were aware, or should have been aware, that Plaintiff faced a "substantial risk of serious harm." *Id.* Moreover, Plaintiff does not identify any RJD prison officials who were aware that Plaintiff was housed on the same yard as his alleged attacker. Therefore, Plaintiff has failed to state an Eighth Amendment claim upon which relief may be granted.

### E. Americans with Disabilities claims

Plaintiff also alleges that the CDCR has "discriminated against Plaintiff by knowingly refusing to provide safe housing because of his mental illness in violation of the Americans with Disabilities Act ("ADA")." (Compl. at 15.) The Americans with Disabilities Act, 42 U.S.C. § 12132, applies in the prison context. *See* 42 U.S.C. § 12131(1)(B); *U.S. v. Georgia* 546 U.S. 151, 154 (2006). In order to state a claim under Title II of the ADA, however, a plaintiff must allege:

> (1) 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of [his] disability.'

*O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam)).

In order to recover damages under Title II of the ADA, Plaintiff "must prove intentional discrimination on the part of the defendant." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) (citing *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998) (footnote omitted)). The Ninth Circuit further held that deliberate

indifference is the applicable standard to determine whether there was intentional discrimination by a defendant. *Id.* As stated above with regard to his Eighth Amendment claim, Plaintiff has failed to allege facts sufficient to show any of the named Defendants were deliberately indifferent because there are no allegations that any of the named Defendants were actually aware that there was a substantial risk of serious harm to his health and safety. Moreover, there are no allegations that the named Defendants were actually aware that Plaintiff is alleged to suffer from a mental disability. Therefore, Plaintiff has not alleged facts sufficient to show that he was intentionally discriminated against on the basis of his disability and thus, the Court finds Plaintiff has failed to state a claim under Title II of the ADA.

### F. Leave to Amend

A pro se litigant must be given leave to amend his or her complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Therefore, while the Court finds Plaintiff's Complaint fails to state any claim upon which relief can be granted, it will provide him a chance to fix the pleading deficiencies discussed in this Order. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### IV. Conclusion and Order

Good cause appearing, the Court:

1. **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 3) without prejudice.

2. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

3. **DIRECTS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the

preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

5. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

6. **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

**IT IS SO ORDERED**.

Dated: August 5, 2019

*Larry A. Burns*
HON. LARRY ALAN BURNS
Chief United States District Judge